UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNNE MITCHELL,<br>         Plaintiff,<br><br>         v.<br>CONNECTICUT REGION 14 DISTRICT<br>PROBATE COURT, *et al.*,<br>         Defendants. | No. 3:14-cv-630 (JAM) |

ORDER DISMISSING COMPLAINT

This lawsuit arises from a family dispute among siblings following the death of their parents. A Connecticut probate court issued a series of decisions involving the parents' wills and estate. One of the siblings—*pro se* plaintiff Lynne Mitchell—has now appealed those decisions in state court and has also filed this federal lawsuit against a large number of defendants who are alleged to have been involved in one way or another with the probate court proceedings. Plaintiff alleges that defendants have violated her federal and state constitutional rights and she alleges a state law claim for intentional infliction of emotional distress.

Several defendants have moved to dismiss the claims against them. For the reasons that follow, I conclude that all of plaintiff's claims are plainly without merit. To the extent that she has sued judicial actors (such as the Connecticut courts, a probate court judge, and other state court employees), plaintiff's claims are barred by the Eleventh Amendment or by the rule of absolute judicial immunity. To the extent that she has sued various private parties (such as an attorney, a trust, and her siblings), plaintiff's federal constitutional claim fails for lack of any plausible allegation that these defendants acted under color of state law. I otherwise decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims against any private parties. Accordingly, I will dismiss the entire complaint with prejudice. Plaintiff's own pending motions for relief will be denied as moot in light of my dismissal of this case.

1

## BACKGROUND

The following facts are drawn from plaintiff's complaint and numerous attachments. Plaintiff is an American citizen and has lived in Quebec, Canada since 2006. Her father died in January 2011, and her mother died in February 2012 in Connecticut. Plaintiff had power of attorney to handle her mother's financial affairs and had been appointed successor trustee of the parents' living trust.

Plaintiff presented two wills allegedly signed by her mother on the same day in January 2012. One of the wills granted all of her mother's property to plaintiff in her capacity as trustee. Plaintiff's siblings challenged the will in Connecticut probate court, and a probate judge ruled in the siblings' favor. Plaintiff did not attend the probate court hearing regarding the admission of the disputed will or the depositions of the witnesses who testified at the hearing. She contends that the trust attorneys sent notice of the depositions to a fictitious Connecticut address despite knowing that plaintiff was living in Quebec.

In the probate proceedings, plaintiff's siblings also contested certain transfers of funds that plaintiff had made from her mother's bank accounts to her own. The probate court found that an investigation of the contested funds transfers was warranted, which required removal of plaintiff as trustee of her parents' living trust due to a conflict of interest. The court appointed plaintiff's three siblings as trustees pursuant to the trust instrument.

Plaintiff also failed to provide necessary accountings in compliance with the probate court's timelines and instructions, and this resulted in her being held in contempt of court. After plaintiff ultimately filed the accountings, the court ordered plaintiff to return estate assets and funds in the amount of roughly $96,000, finding that plaintiff had improperly withdrawn the funds in violation of her fiduciary duty as trustee.

The probate court subsequently denied plaintiff's motion requesting removal of the siblings as trustees. Plaintiff now alleges that the court failed to provide reasonable notice of the hearings concerning the accountings.

Yet another ground for dispute arose when plaintiff sought payment for the caregiving services that she had rendered her parents in the last stages of their lives. But Attorney Balaban, whom the probate court appointed temporary administrator and later administrator of the living trust, denied plaintiff's claim for approximately $120,000 in caregiver fees. The claim was denied on grounds that plaintiff had not produced a written contract for compensation, that the power of attorney document prohibited compensation for family care, and that plaintiff had failed to seek a conservatorship during her parents' lifetimes to permit the court to approve her reimbursement. The court found plaintiff's testimony on the matter unclear and held that there was insufficient evidence to find that plaintiff's caregiver services were rendered under a mutual understanding or agreement with her parents that she would be compensated. Plaintiff now claims that the court misconstrued facts and provided insufficient detail to substantiate its denial of her compensation claim.

Plaintiff has filed a protracted federal complaint naming the following defendants: Connecticut Region 14 District Probate Court, the State of Connecticut Probate Division, Judge of Probate Jennifer L. Berkenstock, Attorney Mark A. Balaban, the E. Stuart and Janet E. Mitchell Family Living Trust, her siblings Keith Mitchell and Suanne Mitchell Jackson, and John Does 1 through 10, who are alleged to be unidentified individuals serving the Connecticut probate court, witnesses to document signatures, and attorneys representing the living trust. Her complaint asserts three claims for relief: (1) that she was unlawfully denied due process of law and equal protection, in violation of the Fourteenth Amendment to the United States

Constitution; (2) that she was unlawfully denied due process and equal protection under the Connecticut constitution; and (3) that she was subjected to intentional infliction of emotional distress. She seeks monetary damages for each of these claims, as well as an injunction to invalidate the probate court's rulings.

After filing this federal complaint, plaintiff filed an appeal of the probate court judgments in Connecticut Superior Court. That appeal remains pending.

Most of the defendants, including Connecticut Region 14 District Probate Court, the State of Connecticut Probate Division, Judge Berkenstock, and Attorney Balaban, have moved to dismiss plaintiff's claims. Docs. #12, #22. The remaining defendants—Keith Mitchell, Suanne Mitchell Jackson, and the E. Stuart and Janet E. Mitchell Family Living Trust, as well as defendants John Doe 1 through 10—have not filed an appearance in this case.

## DISCUSSION

The principles governing this Court's consideration of a motion to dismiss are well established. First, the Court must accept as true all factual matter alleged in a complaint and draw all reasonable inferences in a plaintiff's favor. *See Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 (2d Cir. 2014). Moreover, I must construe the pleadings of a *pro se* litigant "liberally to raise the strongest arguments they suggest." *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014) (*per curiam*). "'To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But "that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Mastafa*

*v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (internal quotations marks and citation omitted).

### Claims Against the Connecticut Court System

All of plaintiff's claims against the Connecticut Region 14 District Probate Court and the State of Connecticut Probate Division are plainly precluded by the Eleventh Amendment, which bars claims in federal court against a state without its consent.[1] *See, e.g.*, *Sossamon v. Texas*, 131 S. Ct. 1651, 1657–58 (2011). This immunity "extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152–53 (2d Cir. 2013) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)); *see also Sargent v. Emons*, 582 Fed. App'x 51, 52 (2d Cir. 2014) ("[T]he district court correctly found that the Judicial Branch of the State of Connecticut, one of the defendants in this action, is a department of the state and thus shares in its sovereign immunity."); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (concluding that the New York Unified Court System is an arm-of-state entitled to Eleventh Amendment immunity).

Plaintiff has made no showing that the State of Connecticut has waived its Eleventh Amendment protection, and "[i]t is well-established . . . that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. App'x 191, 192 (2d Cir. 2010) (citing *Quern v. Jordan*, 440 U.S. 332, 340–42 (1979)). Consequently, these claims against the Connecticut courts must fail.

### Claims Against Judge Berkenstock

---

[1] It is an open question whether Eleventh Amendment immunity divests a federal court of subject matter jurisdiction or is in the nature of a merits defense. *See Carver v. Nassau County Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013). I need not decide this technical issue for purposes of my ruling in this case. Nor need I rule upon defendants' alternate argument that plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

For the same reasons, the Eleventh Amendment bars plaintiff's official-capacity claim against Judge Berkenstock. *See, e.g.*, *Collins v. West Hartford Police Dept.*, 380 F. Supp. 2d 83, 89 (D. Conn. 2005) (Eleventh Amendment immunity for probate court judge sued in official capacity), *aff'd on other grounds*, 324 Fed. App'x 137 (2d Cir. 2009); *see also Cory v. White*, 457 U.S. 85, 91 (1982) (noting that "the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity"). To be sure, there is a long-established exception to Eleventh Amendment immunity for claims seeking prospective relief against state officials from ongoing violations of federal law. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). But this exception does not apply here because plaintiff seeks relief only for past violations of federal and state law. *Cf. Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007).

In addition, plaintiff's Section 1983 claim against Judge Berkenstock is equally foreclosed by the doctrine of judicial immunity, because it is clear that she seeks to hold Judge Berkenstock liable for her official judicial acts, and Judge Berkenstock has immunity for these acts both to the extent that plaintiff seeks money damages for any of her claims or injunctive relief for her Section 1983 claim. *See Huminski v. Corsones*, 396 F.3d 53, 74–75 (2d Cir. 2005); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (*per curiam*); *Collins*, 380 F. Supp. 2d at 89–90.

In any event, even if I were to conclude that neither the Eleventh Amendment nor judicial immunity foreclosed relief against the Connecticut courts and Judge Berkenstock, I would conclude that plaintiff's Section 1983 claim cannot be maintained against them, because neither the Connecticut courts nor Judge Berkenstock in her official capacity constitute "persons" who

may be subject to suit under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Gaby v. Bd. of Trs. of Cmty. Technical Colls.*, 348 F.3d 62, 63 (2d Cir. 2003) (*per curiam*).

### *Claims Against "John Doe" Defendants*

Similar reasons dictate dismissal of plaintiff's claims against the ten named "John Doe" defendants. To the extent that they are alleged to be officers of the probate court, they have Eleventh Amendment immunity as well as judicial immunity. *See Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997) (noting that when court employees perform official duties integral to the judicial process, they are entitled to quasi-judicial immunity of the same character as the immunity enjoyed by judges). To the extent that any of the "John Doe" defendants may not be court employees, then the claims against them are subject to dismissal for the same reasons described below as to plaintiff's claims against non-state actors.

### *Claims Against Non-State Actors*

Plaintiff's remaining claims are all against persons who are non-governmental employees: the estate administrator Mark A. Balaban, the E. Stuart and Janet E. Mitchell Family Living Trust, Keith Mitchell, and Suanne Mitchell Jackson. This non-governmental status of the remaining defendants forecloses plaintiff's Section 1983 claim against them because their conduct is not "fairly attributable to the state" to render them state actors subject to suit under Section 1983. *See West v. Atkins*, 487 U.S. 42, 49–50 (1988).

Nor has plaintiff plausibly pleaded any facts to show that any of these non-state actors joined with or conspired with state actors in a manner that could subject them to liability under Section 1983. "[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." *Betts v. Shearman*, 751 F.3d 78, 84 (2d

7

Cir. 2014) (internal quotation marks and citation omitted). To qualify as such a "willful participant," a private actor must share a common goal with the state and its agents to violate a plaintiff's rights. *Id.* at 85. "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citation omitted).

Plaintiff's complaint does not allege plausible grounds to conclude that there was a conspiracy between state actors and non-state actors to violate her constitutional rights. "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). More generally still, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 325 (internal quotation marks and citation omitted).

Despite the fact that various defendants were alleged to have been appointed by the probate court as trustees or administrators of the living trust, this does not suffice to establish that their subsequent actions constituted state action for purposes of liability under Section 1983. *See, e.g.*, *Rodriguez*, 116 F.3d at 65–66 ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 80–81 (D. Conn. 2007) (same for court-appointed conservator).

The complaint otherwise alleges that Judge Berkenstock, Attorney Balaban, Keith

Mitchell, and Suanne Mitchell Jackson reached a covert agreement to extort plaintiff's assets and to infringe on plaintiff's constitutional rights, but plaintiff has failed to proffer specific facts to support this claim. She cites a "secret verbal agreement" between Attorney Peck (counsel for plaintiff's brother Keith Mitchell) and Attorney Balaban providing that the Estate would pay its share of the cost of recovering its assets in the probate proceedings. Doc. #1 at 39. Plaintiff's allegations that the probate court "took no action whatsoever concerning the secret agreement," and declined to enter orders in plaintiff's favor, Doc. #1 at 41, are insufficient to conclude that Attorney Balaban's actions "may be fairly treated as that of the State itself." *Brentwood Acad.*, 531 U.S. at 295. Nor do plaintiff's contentions plausibly establish that the probate court and Attorney Balaban shared a common goal. *See Scotto v. Almenas*, 143 F.3d 105, 114–15 (2d Cir. 1998) (evidence consisting of routine telephone calls and other communications between government and non-government defendants insufficient to sustain conclusion that defendants had "reached an understanding" to violate plaintiff's rights); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"). The complaint is wrought with many similar allegations concerning a secret agreement but is devoid of facts that would plausibly sustain the sweeping supposition that any non-state actors conspired with or joined state actors in the deprivation of plaintiff's constitutional rights.

Plaintiff's remaining claims against the non-state actor defendants are state law claims. "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.C.*, 464 F.3d 255, 262 (2d Cir. 2006). Accordingly, having concluded that plaintiff's Section 1983 claim must be dismissed, I

will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[2]

### *Proposed Amended Complaint*

The Court also denies plaintiff's untimely motion to amend her complaint (Doc. #26). When a plaintiff has filed a motion to amend in response to a motion to dismiss, "leave to amend will be denied as futile . . . if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if . . . the plaintiff can plead no set of facts that would entitle [her] to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

In her proposed amended complaint, plaintiff names Judge John McGrath as an additional defendant, in light of his assuming review of the probate case following Judge Berkenstock's withdrawal. Plaintiff contends that Judge McGrath has continued to delay hearings, has prevented plaintiff from receiving the distribution she is allegedly owed, and has refused to allow plaintiff to participate in the probate hearings in which she has made various motions. Judge McGrath, however, is entitled to the same judicial immunity as Judge Berkenstock.

Moreover, the amended complaint does not plausibly allege any ongoing violations of federal law by Judge McGrath or Judge Berkenstock, and therefore does not successfully invoke the *Ex Parte Young* exception to sovereign immunity. Accordingly, plaintiff's filing of an amended complaint would be futile and will be denied. *See Harrison v. New York*, 2015 WL 1413359 (E.D.N.Y. 2015) (noting that "leave to amend is often futile when a claim is dismissed based on certain substantive grounds, including sovereign immunity" or "the lack of state action requisite for a Section 1983 claim").

---

[2] Nor does the Court have diversity jurisdiction, because plaintiff is domiciled in Canada, and the federal courts lack diversity jurisdiction over suits brought by United States citizen expatriates such as plaintiff. *See Herrick Co, Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 & n.4 (2d Cir. 2001).

**CONCLUSION**

Defendants' motions to dismiss (Docs. #12, #22) are GRANTED. Despite the fact that some of the non-state-actor defendants have not appeared in this action or filed a motion to dismiss, the Court has authority *sua sponte* to dismiss the claims against them on the ground that they are manifestly meritless. *See, e.g, McCluskey v. New York State Unified Court Sys.*, 442 Fed. Appx. 586, 588 (2d Cir. 2011) (affirming *sua sponte* dismissal of *pro se* complaint alleging § 1983 claims barred by the Eleventh Amendment, by judicial immunity, and—as to non-state actor defendants—a bare conclusory allegation that defendants acted under color of state law); *Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* § 1983 complaint that was frivolous for failure to allege that defendant attorney acted under color of state law); *Peterec–Tolino v. New York*, 364 Fed. App'x 708, 711 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* § 1983 complaint because, *inter alia*, certain defendants were not state actors and "[a]ny amendment would be futile"); *Tapp v. Champagne*, 164 Fed. Appx. 106, 108 (2d Cir. 2006) (affirming *sua sponte* dismissal of *pro se* § 1983 complaint on grounds of judicial immunity and "wholly conclusory" allegations of state action by non-state actor). Accordingly, the complaint is dismissed with prejudice in its entirety.

Plaintiff's motion to amend her complaint (Doc. #26) is DENIED. Plaintiff's motions for default judgment against defendant Keith Mitchell (Doc. #54) and for default entry against defendant Suanne Mitchell Jackson (Doc. #55) are DENIED as moot.

It is so ordered.

Dated at New Haven this 7th day of July 2015.

/s/ ***Jeffrey Alker Meyer***

Jeffrey Alker Meyer
United States District Judge